

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,836

### EX PARTE TONY WAYNE ANDERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13,785-93 IN THE 402ND DISTRICT COURT
### FROM WOOD COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment and a $5,000 fine.

Applicant contends that his counsel rendered ineffective assistance because he failed to pursue an appeal when Applicant requested him to do so. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court found that Applicant was not entitled to appeal because the sentence imposed

was within the applicable range of punishment. However, Applicant's plea agreement specifically stated that there would be no agreement or restriction as to the sentence Applicant could receive. Applicant's plea of guilty is not be challengeable on appeal, but Applicant is entitled to appeal any issues regarding his sentencing. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 13,785-93 from the 402nd Judicial District Court of Wood County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: February 6, 2008
Do Not Publish